IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

U.S. DISTRICT COURT DISTRICT OF MARYLAND
APR 16 2008
CLERK'S OFFICE AT BALTIMORE
BY ________ DEPUTY

Frankie L. McCoy Sr. #[illegible]
vs.
Civ. No. (WDQ-00-900)

Major [illegible], et al.
Frank C. Sizer, Deputy Commissioner
Ronald Hutchinson, Warden
Louise Stewart, Asst. Warden

Lt. Bruder, 8-4, 4:00 shift
Sgt. Ingram, 4-12, 12:00 shift
Sgt. L. Taylor, 4-12, 12:00 shift
Unknown Named Defendants

James Prodouse, Security Chief,

Prison Health Service Inc., et al.
Dr. M. [illegible], M.D.
Ms. B. Johnson, Admin-Nurse Manager
Ms. L. Hood, Admin-Nurse

SUPPLEMENTAL MOTION TO AMEND FACTS / ISSUES
ALL NAMED-DEFENDANTS EACH SUED INDIVIDUAL / OFFICIAL CAPACITY'S

Plaintiff, in (good-faith) respectfully filed a "motion to stay all issue's" in action until he was medically obtained treatment / able to proceed ... by (order) Judge, William D. Quarles Jr. dated: (March 29, 2004).

For the injuries sustain (trauma - injuries), and (adverse - consequence - effect's) of those partial / permanent injuries which has painfully / openly manifested itself causing partial / permanent impairment's ... requiring (year's) of medical-treatment and care.

For the (Named-defendant's), willful reckless disregards to adequately provide "Special Medical-Safety Housing-Accommodation's-Needs."

In violation of: DCD-110-13 C.) D.) under: Withers vs. Levine, 615 F.2d, 158 (4th Cir.) Cert. Den. 449 U.S. 849, 101 S.Ct. 136 66 L.Ed.2d (1980)

Directly resulting in multiple (denied's) of physical/permanent injuries to (plaintiff's) face, (L) arm, shoulder, neck (spinal-area) back, jaw, & mouth, including his lower-lip...

Defendant's under: "ADA" American's with Disabilities Act, and their own (DCD-110-13) C.) D.) willfully (ignored) the plaintiff needed (daily) access-accommodations and special-medical-need's...

Upon the plaintiff's arrival at (MHC) Maryland House of Correction on (February 22, 2000) wearing (back-brace) (orthopedic-shoe's) and (R) ear (hearing-aid.), on record wearing (brace) on his (R) right drop-foot and knee-brace and (platform-cane) for support his (herniated disc) at L-4/5...

Medically requiring daily medical housing accommodation's and need's such as:

1.) House on flat surface, medical unit,
2.) No-climbing of stairs.
3.) Single-cell for medical reason's.
4.) Daily walking exercise 2x a day.
5.) Access to hearing impaired telephone,
6.) Sleeping-insomnia
7.) Access daily hot shower's 2x a day for medical-reason's... etc.

(2.)

8.) Access to shower with rubber-mat / and / the chair support...

Pursuant: (ADA) Individuals under: America with Disabilities Act, as matter of Federal and State Laws / Register / VI, 56 No. 144 / Friday, July 26, 1991 / Rules and Regulations Page's: 35548, 35549, and 35551; Accessibility to: ramp's, and railing's chair's.

However, upon the plaintiff arrival at (MHC) on February 22, 2000... Captain Channey, and Lt. Snyder, did threaten physical-harm with (2) two other (DOC) staff officer's order (3) three other known-named (WMHC-CSD's)...

Ordered the plaintiff to (climb-up-stairs) to segregation-unit-cell (E-2-5).

Rather then plaintiff being housed in medical-staff's-unit in general-population or medical-unit...

Despite plaintiff in site provided both (officer's) with (his) (Medical-Order-Restriction's)

And repeatly and continue to (place on notice) all (named-defendant's) for the next (10) ten-month's... to no-avail...

(3.)

Which caused me, to sustain multiple additional — Injuries' to my Back, Neck (L) Arm / Shoulder (L) Mouth, Side (rib's) Area and Spinal-Area... due to multiple (fall's) duly noted on Medical-Record's... Etc.

And plaintiff daily brought this deprivation to housing-unit officer's Sgt. D. Taylor and Sgt. Ingram, Whom without (ignored) my daily-request's to no-avail..

5.) In and around (March 23, 2000 or April, 2000) defendant's Dr. M. Ayalew MD, Ms. S. Hoag, nurse, Ms. B. Tandlin, nurse without any legal or medical-examination base's (write-false) medical-report's to (discontinued) my (daily hot-shower's) under the advice of (DOC) staff... whom willfully interfered with my daily medical-need well medically documented by a great number's of medical-doctor's and attending physician's...

6.) I was only allowed (sporadic-access) to (hot-shower's) held within (daily-log book) of (F-1) medical-unit between: February 22, 2000 thru May 5, 2000.

I was finally moved to (F-1) medical-unit on "December 29, 2000". Where medical-documentation will clearly prove's reason I was medically transferred to (MHC) meet my medical-need's and adequate-accommodation on medical-unit...

May this Court be mindful: this is continuation of same (pattern of abuse) of (gross-negligence) see: L-99-1464 allowed to continue unchecked by this Court!!

Between "February 22, 2000 thru August, 2000" plaintiff is a hearing-impaired-prisoner was deprive access use to hearing-impaired telephone on (F-1) medical-unit the same (pattern of abuse) (located) there. And reckless-disregard's... for plaintiff's (4.) daily medical-need's.



Dispite repeated request (All) Known named-defendants willfully refuse to assist or afford adequate accomodations for plaintiff, medical needs (daily) climbing-up and down (stairs) or adequate access to (dinning-room-area) E.T.C.

And assist to adequate-Equipment-Handicap-access to (tub-shower) with railing, rubber-mat, bars, "chair" for support, (only) available on their (F-1) flat's (housing-unit) and (hospital)-Area. medical-needs medical-needs.

Dispite the named-defendants knowing plaintiff's medical-inability use of (1) one arm & hand, and (1) one leg; which medical-require use of (prosthetic-braces) and (canes) for support between his arrival at (MHC) February 22, 2000 thru December, 2000... cause additional-body-injuries and falls, which did cause (permanent-injuries) to plaintiff, mouth, body, part's... total (11) eleven months.

Rather than the warden "Ronald Hutchinson" adequatly place (plaintiff) on (single-cell) upon (flat-surface), due: his medical-condition...
Plaintiff was force to be housed on (2nd) second-floor where he, was force (climb) up and down-stairs causing multiple-falls and additional personal-injuries for (11) eleven months...

CAPTAIN F. MORRIS, WAS REPEATEDLY PLACE ON PERSONAL-NOTICE BY PLAINTIFF ON JULY 23, AND JULY 24, 2000). WHILE PLAINTIFF WAS BEING ESCORTED BY STAFF TO HOSPITAL AND BEFORE KNOWN-NAMED-WITNESSES WHILE CAPTAIN F. MORRIS, WAS STANDING IN CENTER-HALL AREA, THAT PLAINTIFF, WAS HELD (LOCK-UP) CELL; F-1-42 DENIED ACCESS TO MEDICAL PRESCRIBED (10) TEN MINUTES (HOT-DAILY-SHOWERS). WHICH DOES TEMPORARY RELIEVES PAINFUL NECK, SPINAL, AND LEGS SPASMS, STIFFNESS AND NUMBNESS WAS MALICIOUS, ALLOWED TO CONTINUE-UNADDRESSED THRU JULY 26, 2000) TOTAL (4) DAYS..

CERTIFICATION OF SERVICE

I HEREBY CERTIFY, UPON THE 14TH DAY OF APRIL, 2008 A COPY OF THIS MOTION TO AMEND COMPLAINT WAS TURN-OVER TO MCTC MAILROOM PERSONNEL FOR MAILING TO DEFENDANT ATTORNEY'S STEPHANIE LANE WEBER, 200-ST. PAUL PLACE SUITE 19TH FLOOR BALTIMORE, MD 21202

Ya Lutha Continuous
[signature]
FRANKIE L. MCCOY #312956
MCTI, P.O. BOX 549,
JESSUP, MD. 20794
PRO-SE,

cc: F.L.M, V

Also, Gloss-disregards; Md. (DCD) 110-13 A.) COMAR 12.02.18 C.) Withers v. Levine, 615 F. 2d 158 (4th Cir) Cert. Den. 449 U.S. 849, 101, S.CT. 136, 66 L. ED 2D 59 (1980) "Special housing-Accommodations IV. Definitions (A, B, C, D.)

May this Honorable Court be Mindful):

Plaintiff, now having exhausted (All) his "Administrative-Remedies" before (DOC) case No. MHC-0145-00 relevant to subject-matter... E.t.c.

They the (main-players) in this Action have (conspired with amended), named-player at plaintiff's previous penal-Institution (MCI-J) where the deprivation of providing: adequate housing-Accommodation(s) began and reckless and willfully, allowed, to continue-unchecked for (5) five months!... causing physical-Injury to a (disabled-prisoner) under: (ADA) statute...

I request the Court to take (Judicial-Notice) that the defendants at (MHC) malicious-Action of (Conspiracy) does constitute a (criminal-violation) because the sustain additional (physical-Injuries) to his person.

Because the deprivation's were willfully allowed to continue-unchecked... for additional (11) eleven months.

Because the (named-defendants) reprisals and retaliation, against plaintiff's (legal-Actions) brought;

Arbitrary and Capricious raised the plaintiff security status from (medium-security level) to (maximum-security level)... E.t.c.

Plaintiff, after sustain (6) six months of additional falls down-stairs (injuries) and falls trying to use adequate (shower) on (2nd) floor with-out railing or rubber-mate for saftey.

On (July 13, 2000) wrote a letter to Mr. Frank C. Sizer, Deputy-Commissioner (place on notice) regarding the (reckless-disregard's), of named-defendants at MHC-Staff whom willfully fail to provide me, with adequate (housing-accomodation's) on (flat's-surface) on (E-1) or (F-1) housing-unit's, where adequate (single-cell's) and (shower's) with railing's, and rubber-mate, ramps for "saftey-purpose's" to meet my (medical)-need's... was allowed to continue-unchecked as "disabled-person".

Add Insult to Injury (Major R. Kopp?) personally made threating reprisal's, and retaliation, measure's to plaintiff if I write the deputy-commissioner-office again... I fear for my saftey and security!

Because (all) named-defendant's are in (gross-violation) of (DCD 110-13) D.) COMAR 12.02.18 I. References: IV. Definitions: A.) B.) C.) D.) (Disabled-prisoner's) requiring special-needs-housing-accommodation's or special arrangements, to assist them in accomplishing the activities of daily living, or other rehabilitative activities and medical-needs, etc... for additional (11) eleven-months... (7.) causing permant facial and body-injuries.

Under: (ADA) and section (504) of the Rehabilitation Act, and their own (DCD 110-13) for accommodations and special medical-needs... etc.

All of "named-defendants" have reckless and willfully in either "egregious or flagrant" pattern or practice denied plaintiff, a multiple physical-impaired-person (medical-required-daily-needs... etc.

Such as access daily to (hot-showers) and (walking-exercise's) to relieve his painful-stiffness, numbness, and swellon of his (neck, back, and leg's).

Contrary to well (medical documented history) held by (named-defendants) in course of daily operation... etc.

Which has been reckless denied and allowed to continue-unchecked, "they willful locked in (6x10) cell ___ days."

cause unnecessary pain and suffering... additional physical-injuries. etc.
" Which their own-daily-log-book's will (evidentally-prove)!
(DOC)

All of named (DOC) staff Correctional-officers repeatedly requested their assistance in housing-accomodations in (single-cell) on "first-surface" from: (February 22, 2000) thru (November, 2000) causing myself to repeatedly (fall's) down-stair's trying go to Recreation-yard and dinning-room area. They all (refuse) to assistant in climbing-stair daily from (2nd) second floor repeatedly causing "permanent physical-injuries" to my face, arm's, neck, spine, and leg's before known-named-(witnesses's);

All named defendant's have been reckless and unconstitutionally deliberate-Indifferent to plaintiff's daily medical-need's... etc,

Moreover to plaintiff's physical Infirmity which susceptibility lead to repeatedly permanently-injuries and unnecessary pain and suffering... etc,

May this Court be mindful; plaintiff was (recently) transferred to (MTC) to immediately meet (all) his medical-need's and restriction's... etc.

Defendant, Captain L. Channey, reckless continued from: (October, 2000,) Arbitrary threaten and harass me, by placement on (segregation-lock-up) taking my personal / legal property for me, refusing to move-off (my) assigned "medical-housing Tier" (F-4) (Flat's) (single-cell) accomodation's in violation: Maryland COMAR: 12.02.18, and (DCD) (110-13) & 9-D, before (known-named-witnesse's)... etc.

Which I exhausted (all) administrative-remedy under: case no. (MHC-0759-01)

Defendant, R. Rapel Chief of Security Arbitrary interfere with my constitutional-right's due-process and equal protection of law; by denying me, access communication between: court and obstructed due-process of (repeatly) (subpoena's-witnesse's) by (personally) returning to District Court in Maryland their (subpoena's) issued for (sic) Officer's appearance / testimony before District Court between: December 1, 2002 and December 6, 2002... etc.

Upon the plaintiff's arrival at (MTC) Institution on February 22, 2000 thru June 30, 2000.

For recommended (medical-reason's) where there could be adequately met?

There the (named-defendant's) willful and reckless disregard to adequately meet and accommodate those medical-required-need's... etc.

And plaintiff sustained (repeated) fall's-climbing up-down stair's daily for period of (11) eleven-month's and trying use enadequate-shower.

Sustaining multiple-injurie's and truma to my mouth, neck, (L) & (R) hands and arm's... etc.
Which have continued to (painfully-plague's) and deteriate and manifest itself to permanent-disability of my (R)ight arm-shoulder, mouth, and neck... etc.

Finally began (repeated) recommended medical treatment and care at University of Maryland Hospital Center.

Which was painfully allowed to be ignored and reckless-delayed until February 2, 2003.
As result of the repeated (trauma) sustained over lengthen period of deprivation (plaintiff) has sustained permanent-neurological-damage's to his person... etc.

"May this Honorable Court be mindful"!

Plaintiff, duly being a multiple physical impaired inmate.

Was (Transferred) by (DOC) Commissioner / Warden of MCI-J.

On (February 3, 2000) to (MHC) where (all) his "medical / accommodations necessities" could be daily met?

However, upon plaintiff's arrival at (MHC) on (February 23, 2000).

"Lt. Bruder" directly (ordered) plaintiff from central area against (medical orders) limitation's... etc.

"Lt. Bruder" personally escorted plaintiff (climb-up) to (2nd) second floor of (Segregation Unit) (E-2-5) cell and locked door behind my entry.

Even after I (repeatedly) placed him on notice of my (medical) restriction's)... etc,

Where I was (housed) the next (5) five months.

Plaintiff, has been force to undergo multiple painful rehabilitation treatments / care at "University of Md. Medical Center"!...etc.

Regarding the multiple sustain, injuries related to sustain (falls) downstairs / shower climbing between February 23, 2000 thru November 27, 2000!

To which the plaintiff sustained trauma to his face, neck, back, (L) shoulder (L) hand and lower-extremities

Attributable to pre-existant injuries, which have now outward manifested itself as painful (permanent) non-reversible injuries...etc.

Notwithstanding, the fact plaintiff has sustain (non-reversible) permanent (psychological-disorders) requiring (medication).

Which the plaintiff's body has repeatly rejected. ...etc.

Plaintiff sustained repeated painful-injuries to his (L) left-shoulder, hand, mouth, legs, neck, and spinal-area... etc.

Which also was (aggravated) by (repeated-trauma) sustained due to (falls) climbing up and down stairs. more than (10) ten (times-a-day) trying to travel back and forward to dining-hall, medical, and trying to use of (shower) on (F-1) between: March 1, 2000 thru November 10, 2000.

Causing additional "permanent-injuries"! requiring additional: medical treatment and care over length-period recommended by attending expert-physicians between: January 1, 2000 thru September 30, 2005 which has painfully worsen.

AFFIDAVIT OF COMPLAINT

Civil Action WDQ-00-900

I, Frankie L. McCoy duly being plaintiff in above action say: over age of (21) twenty one...

I do solemnly affirm and sworn under the penalty of perjury that all statement's in this "supplemental amend of fact's" and "original complaint" are true and correct to the best of my knowledge... etc.

[signature] Joyce Foster
Witness:
8-11-03
Date:

[signature]
Frankie L. McCoy #[illegible]
8-11-03
Date:

JOYCE FOSTER NOTARY PUBLIC BALTIMORE COUNTY, MD

cc [illegible]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

[illegible] L. MC[illegible] #[illegible]986

VS.

Civil No. (WDQ-00-900)

FILED ENTERED LODGED RECEIVED
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

[illegible] Willie [illegible], etc., Maryland House of Correction, Unknown Named Defendants

MOTION TO AMEND AND PROCEED ON ITS MERITS ON FACTS

Plaintiff, pro-se (Indigent) [illegible] [illegible] Md. (DOC) Inmate,

Respectfully moves this Honorable Court to add: [illegible] [illegible], Security Chief as named Defendant.

And to [illegible] / proceed on its merits [illegible] of justice as this Honorable Court's convince... etc for following:

Plaintiff has (repeatedly) attempted in (good-faith) to exhaust his administrative-remedies by filing (ARP's) No.: MHC-0145-00, MHC-0649-00, MHC-0500-00, MHC-1060-06, (MCI-J-0842-99)

Notwithstanding, ARP No. (MCI-J-0774-99) is same (pattern-abuse) deprivation's allowed to continue-unchecked since (September 3, 1999) thru (November, 2000) to no avail...

Causing the (plaintiff) to sustain "multiple" (permanent / partial) "degree's of impairment's...

Which time the (plaintiff) has repeatedly submitted (letter's and (ARP's) to (in-patient's) of (DOC) system, the [illegible] officer's, and equal protection clause's of federal and state law's... etc.

Only to be repeatedly (transferred) most recently to Jessup-maximum (watcher prison's)... (4) four time's.

And his (cell's) most recently trash and confiscated his "legal documented-materials" "pending" "evidence" and (ARP's) dealing directly with the filed subject-matter's.

Which the (plaintiff) has (diligently) sent (legal-redress's) thru state court's system to no avail...

In the "circuit court for Baltimore city" case no's (24-C-06-008761) and (24-C-07-000308)

All of these same (abusive-pattern's) of deprivation's of retaliation and reprisal's are based on (plaintiff's) "legal activities speaking-out" against (top-official's) (DOC) in the dept. of correction and their (subordinate's) (abusive-act's) acting in (bad faith) in scope of their office's... etc.

[illegible] Immunity has [illegible], and [illegible] with [illegible] Constitutional [illegible] rights [illegible]; denied and obstructed his communication with (Counsel) [illegible] and [illegible]'s...

See: [illegible] v. Maryland 337 F.3d 72, 74, ([illegible] Cir. [illegible])

Ex Parte Hull, 312 U.S. 546 (1941)

The minimal normal / partial impairments [illegible] of the [illegible] (ADA) [illegible] [illegible]-[illegible] to [illegible] daily medical accommodation's under: their own - ADA - 110-13(f) and Md. COMAR's...

Which the plaintiff has [illegible] (physical therapy) and daily suffering to his face, neck, (L) arm, hand's, back, and leg... mouth, etc.

(3.)

Certification of Service

# AFFIDAVIT

FILED ENTERED
LODGED RECEIVED
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

Civil No. (WDQ-00-900)

I, Frankie L. McCoy being the plaintiff and over the age of (21) twenty-one

Do solemnly affirm sworn under the penalty of perjury that all aforementioned statement of [illegible] facts are true and correct to best of my knowledge and belief

All of the "statements of facts" mention with-in "supplemental amendment and added defendants" also.

May 2, 2007
DATE:

Frankie L. McCoy
FRANKIE L. McCOY #[illegible]86

5-2-2007
DATE:

[signature]
NOTARY

NOTARY

MY COMMISSION EXPIRES 6/2/2010

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
APR 16 2008
CLERK'S OFFICE
AT BALTIMORE
BY ______ DEPUTY
____ FILED ____ ENTERED
____ LODGED ____ RECEIVED

Felicia C. Cannon, Clerk April, 14, 2008
U.S. District Court for Maryland
101 West Lombard Street
Baltimore, Md. 21201

Civil No. (WDQ-00-900)

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

Dear Clerk,

Enclosed, please find my "Motion, to Amend and Proceed on the Merits only Facts"

Whom have willful and reckless with malicious intent.

To afford me adequate medical required nursing-accommodation's to meet my daily-needs...

In violation of defendants own: [redacted] and their Md. COMAR 12.02.18.

Nuisance; Withers vs. Levine, 615 F. 2d, 158 (4th Cir) Cert. den. 449 U.S. 849, 101 S. Ct. 136, 66 L. Ed. 2d 59 (1980) and Estelle vs. Gamble, Supra 429 U.S. 97 (1976) [redacted] Eight Amendment violation,

A Luta Continua

[signature]

Marvin L. McCoy 142986
M.C.I.-J P.O. Box 549
Jessup, Md. 20794

cc: G.A.M.
w/enclosures ✓