IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANKIE L. MCCOY, SR., | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WDQ-00-900 |
| WILLIAM CLARK, et al., | * | |
| Defendants | * | |

\*\*\*\*\*\*

**MEMORANDUM**

On March 22, 2000, the Court received Plaintiff Frankie L. McCoy's complaint seeking injunctive relief and compensatory damages filed pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131, *et seq.*[1] McCoy alleged that prison officials ignored medical orders concerning his housing assignment and need for regular hot showers. Plaintiff claims that as a result of Defendants' refusal to house him on an appropriate tier and/or allow him to use the showers designed for handicapped inmates, he fell numerous times sustaining permanent injuries. He further alleged that despite his hearing impairment correctional officials denied him access to a telephone designed for hearing-impaired inmates. Lastly, McCoy claimed that correctional employees retaliated against him. Paper No. 1.

---

[1] Due to the large number of cases filed by Plaintiff this case was placed on inactive/unassigned status on April 5, 2000. Paper No. 2. On April 10, 2003, the case was returned to the active docket. Paper No. 20. On May 22, 2003, Plaintiff requested the case be placed back on the inactive docket. His request was granted. Paper Nos. 24-27. On March 8, 2004, the case was placed back on the Court's active docket. Paper No. 30. Plaintiff requested that the case be placed back on the Court's inactive docket due to his poor health and the matter stayed until he could litigate his claim. His request was granted. Paper Nos. 31-32. On March 24, 2008, Plaintiff moved to have the case proceed. The motion was granted on June 3, 2008. Paper Nos. 38 and 44.

Defendant Koppel[2] filed a Motion for Summary Judgment, arguing that the case should be dismissed due to Plaintiff's failure to exhaust administrative remedies. The Motion also substantively addressed Plaintiff's claims. Paper No. 59. Plaintiff has filed oppositions. Paper Nos. 61,[3] 62, 63, 71-76, 83 and 86. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, the dispositive motion filed by Defendant, treated as a motion for summary judgment, will be denied.

## Background

McCoy alleges that in February, 2000, he was transferred to the Maryland House of Correction ("MHC")[4] where for the next 10 months he was denied medically prescribed hot showers, therapeutic walks, and assignment to the medical tier and/or a flat tier that avoided stairs. Paper No. 1. Plaintiff states that he repeatedly advised correctional officers and supervisors of the medical orders but they disregarded same. Paper No. 1. Plaintiff's medical providers recommended that while he awaited a bed assignment on a medical tier he be permitted to use the showers on the medical tier. Plaintiff states that Defendants deliberately disregarded this recommendation, forcing him to shower in facilities that were not equipped for a disabled inmate and resulting in his falling. Plaintiff also states that he fell several times trying to get to his cell on an upper tier. Plaintiff claims that the falls resulted in permanent injury.

---

[2] Service on the other named Defendants, while executed by the United States Marshal Service and returned as "served," are improper as the service was not made by restricted delivery. The Assistant Attorney General has declined to accept service on their behalf.

[3] To the extent Plaintiff intended this filing to be construed as a Motion for Summary Judgment rather than an opposition to Defendant's dispositive motion, the Motion shall be denied without prejudice. Plaintiff has done an excellent job of documenting his medical orders, efforts to communicate the orders to Defendants, and falls, however, the Court cannot say on the record before it that Plaintiff's injuries were caused by Defendants' failure to implement the medical orders. Nor can the Court find, on the record before it, the extent of Plaintiff's injuries resulting from the falls he claims to have suffered. Moreover, not all Defendants have been properly served with the Complaint, as such summary judgment is inappropriate at this time.

Paper Nos. 1, 61, 62, and 68.

## Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting

---

4 The Maryland House of Correction (MHC) officially closed on March 19, 2007. Paper No. 59.

*Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

**1.    Exhaustion**

The Court must first examine Defendant's assertion that this action should be dismissed due to Plaintiff's failure to exhaust available administrative remedies.  The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Thus, the exhaustion provision plainly extends to Plaintiff's allegations.  His claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense.  *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority

denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the ARP process provided by the Division of Correction to its prisoners. If this request is denied, a prisoner has ten calendar days to file an appeal with the Commission of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office. *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

Plaintiff has provided ample evidence, via declaration as well as documentary evidence, that he has pursued all available administrative remedies. Paper No. 61, 62, and 68. Given the record, the Court cannot say that Plaintiff failed to exhaust his "available" remedies or that correctional employees did not frustrate his efforts to do so. *See Taylor v. Barnett*, 105 F.Supp.2d 483, 486 (E.D. Va. 2000).

**2.     Injunctive Relief**

During the pendency of this action, Plaintiff was transferred from MHC. Paper No. 59. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)*; Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987)*; see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present

5

injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the Court that Plaintiff is no longer housed at MHC, his request for injunctive relief has been rendered moot. Consequently, Plaintiff's request for injunctive relief shall be denied.

**3.     Eighth Amendment**

Plaintiff must confront Defendant's summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.[5] This he has done. There are genuine disputes of material fact concerning Plaintiff's medical orders and Defendant's compliance with them. Through affidavit, the current Warden at MCI-J, Plaintiff's current place of incarceration, avers she does not make medical decisions or judgments but relies on the medical expertise of the medical staff. Paper No. 59, Ex. 6.   Defendant Koppel then argues that

---

[5] The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *DeʹLonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003), citing *Wilson v. Seiter,* 501 U.S.294, 297 (1991). To state an Eighth Amendment claim for denial of medical care, Plaintiff must demonstrate that the actions of Defendants (or their failure to act) amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted above,  the medical condition at issue must be serious.  *See  Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (no expectation that prisoners will be provided with unqualified access to health care).  Proof of an objectively serious medical condition, however, does not end the inquiry. The second component of proof requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839‐ 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), quoting *Farmer,* 511 U.S. at 844.  If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris* 240 F. 3d 383 (4th Cir. 2001), citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

likewise he would not have been involved in making medical decisions concerning Plaintiff's medical care. *Id*., p. 6. Defendant has utterly failed to address Plaintiff's contention that he deliberately disregarded medical orders after Plaintiff showed him the orders requiring hot showers, housing on a medical or flat tier, avoidance of stairs, etc. Inexplicably, Defendant provides the Plaintiff's medical records from 2008, as well as an Affidavit from one of Plaintiff's medical providers dated 1998 and concerning treatment rendered in 1997, periods outside the time relevant to the instant Complaint which shed no light on Plaintiff's contentions. To the contrary, Plaintiff has provided numerous documents detailing medical recommendation and orders that he be provided access to hot showers twice a day, avoid climbing stairs, be assigned to the medical unit, and be housed on a bottom bunk and a flat tier. These orders are dated from the fall of 1999 throughout 2000. Paper No. 61, Attachments. Plaintiff has also provided affidavits of other inmates who saw him advise the named Defendants of his medical orders and saw Plaintiff fall. Paper Nos. 61, 71-75. As such, Defendant's Motion for Summary Judgment shall be denied.[6]

**4.     ADA Claim**

To make out a prima facie case under the ADA, a plaintiff must establish that: (1) he is a person with a disability as defined by statute; (2) he is otherwise qualified for the benefit in question; and (3) he was excluded from the benefit due to discrimination based on disability. *See* 42 U.S.C. § 12131, *et seq*. To establish that he is disabled within the meaning of the ADA, Plaintiff must prove that: he has a physical or mental impairment; this impairment implicates at least one major life

---

[6] If Plaintiff's medical orders were ignored as described, qualified immunity would not apply.

activity; and the limitation is substantial. *See Heiko v. Columbo Savings Bank, F.S.B.*, 434 F.3d 249, 254 (4th Cir. 2006).

The parties do not dispute that Plaintiff is disabled. Rather, Defendant dismisses Plaintiff's ADA claim by simply maintaining "because the gravamen of Plaintiff's complaints are medical in nature separate from a showing that care was different or improper due to a handicap, there is simply no showing that the ADA has been violated." Paper No. 59. Defendant has missed the mark as to Plaintiff's contention. Plaintiff maintains that he was discriminated against in his housing. His claims are not medical in nature. Rather, he claims that correctional employees disregarded valid recommendations and orders of his medical and psychological care providers and that the disregard of those orders caused him injury. He also has claimed that due to his disability, the shower facility on his tier was inadequate for him to safely use and he was injured as a result of being forced to use it. Defendant has failed to counter Plaintiff's contention. Accordingly, summary judgment cannot be granted at this time. All pending motions shall be denied without prejudice. Counsel shall be appointed for Plaintiff. A separate order follows.

August 11, 2009  
Date

/s/  
William D. Quarles, Jr.  
United States District Judge